In re JOSEPHS.

(District Court, E. D. New York. May 22, 1913.)

BANKRUPTCY (§ 407*)—DISCHARGE—OBJECTIONS—STATEMENT OF ASSETS FOR CREDIT—FRAUD.

Where the bankrupt, when adjudicated and for some time prior thereto, owed considerable sums to his father-in-law and other relatives, which had not been scheduled as debts, some of which existed at a time when he gave a statement in writing for the purpose of obtaining goods on credit, and which were not disclosed, but none of such debts had been proved in bankruptcy, and the bankrupt testified that such loans were made with the understanding that they should not be repaid, unless he was able to do so, and that they should not interfere with the claims of other creditors, such debts would not be allowed to deprive the bankrupt of a discharge, in case the creditors to whom the debts were owing showed them to have been waived, by consenting to release the bankrupt therefrom, or that they be scheduled nunc pro tunc.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

In Bankruptcy. In the matter of Isaac Josephs, bankrupt. On specifications of objection to the bankrupt's discharge. Suspended, pending a release of liability on certain loans.

Lesser Bros., of New York City, for objecting creditor.

CHATFIELD, District Judge. The special commissioner has reported that the bankrupt should be denied a discharge upon the grounds stated in the first specification of objection. He reports that the other specifications have not been substantiated.

The situation as to the first specification is as follows: The bankrupt was adjudicated upon the 2d day of October, 1911, and applied for his discharge upon the 11th day of March, 1912. It has developed from the testimony that he owed to certain relatives, including his father-in-law and brothers-in-law, considerable sums of money, which he had borrowed from time to time, and which he did not state in his schedules as debts. Some of these debts existed at a time when he gave a statement in writing for the purpose of obtaining goods upon credit. None of these debts have been proven in bankruptcy, and the bankrupt has testified and now suggests, in opposition to the report of the special commissioner, that the loans from his relatives were made with the understanding that they should not be paid back, if he was unable to do so, and that they were not to interfere with the claims of his other creditors.

These debts were not proven within the year, and the parties voluntarily refrained from asking to share in the estate. The discharge of the bankrupt also will wipe out these debts, as well as those of the general creditors. A refusal of discharge will accomplish the strange result of leaving the debts collectible in competition with the other creditors' claims, even if the bankrupt and the relatives intended them to be discharged. A denial of discharge might compel these creditors to enforce their claims, for their own protection. If the debts are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

valid, and were concealed, they were also certainly provable. If they were not concealed, but have been waived, denial of discharge should not follow.

The only solution of the present situation is to hold a determination upon the application for discharge until the creditors involved give to the bankrupt a release from their loans to him, or consent to be scheduled nunc pro tunc. If the claims are not debts, and have been waived, the bankrupt should be given his discharge.

The testimony seems to substantiate the recommendations of the commissioner as to the other grounds, and the report will therefore be confirmed as to the remaining specifications.